IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

In re:

PLANT INSULATION COMPANY,

    Debtor.
_____/

FIREMAN'S FUND INSURANCE COMPANY, et al.,

    Appellants,

v.

PLANT INSULATION COMPANY, et al.,

    Appellees.
_____/

No. C 12-01887 RS

**ORDER DENYING STAY PENDING APPEAL TO THE NINTH CIRCUIT**

## I.    INTRODUCTION

    This case arises from the complex Chapter 11 bankruptcy of Plant Insulation Company, which sold, installed and repaired asbestos-containing insulation and fireproofing materials in Northern California. On October 9, 2012, this Court issued a detailed order denying the appellant's appeal from the bankruptcy court's confirmation of the restated second amended plan of reorganization, as well as an order affirming confirmation of the restated second amended plan of reorganization. The appellant insurers now move for an emergency stay of these orders for thirty days or until the Ninth Circuit rules on appellants' yet-to-be filed request for a stay pending appeal, whichever is longer. Simultaneously, appellants also requested that their motion for a stay be heard on shortened time. The motion for shortened time is denied as moot, as an order providing for an

accelerated briefing schedule on the motion for a stay has already been entered pursuant to a stipulation executed by the parties.

The 14-day automatic stay of the October 9, 2012, confirmation orders expired on October 23, 2012. The parties stipulated to a briefing schedule on the motion to stay under which briefing was completed on October 24, 2012. The motion was submitted without oral argument pursuant to Local Rule 7-1(b). Plan Proponents have represented that the plan will not become effective until November 9, 2012, when it will be consummated through the merger of Plant and Bayside. That date is fast-approaching. Time remains therefore within which application may be made to the Ninth Circuit for an emergency stay pending appeal before the merger occurs. Due to the speed with which this order must be issued, it does not address every issue raised by the parties but rather focuses on the most glaring weakness in appellants' application: the failure to establish that a stay is necessary to prevent irreparable injury.[1]

## II. BACKGROUND

The background of this case, well known to the parties, is set forth in the October 9, 2012 order denying appeal from confirmation of the restated second amended plan of reorganization, docket number 109, and need not be revisited here. Suffice it to say, appellees represent that the merger of Plant and Bayside needs to be completed by November 25, 2012, because Bayside must make a $1.1 million payment to the IRS by that date under the terms of an Offer in Compromise for back taxes, and Bayside cannot make that payment unless the merger has closed. When the plan

---

[1] In connection with the briefing on the motion to stay, the parties each filed an ancillary motion. Appellants filed a motion to strike the declaration of Kristin A. Pace in support of the Plan Proponents' opposition to the motion for a stay. Ms. Pace's declaration is not improper expert testimony on tax law. Her declaration is based on her own personal experiences as a tax lawyer for parties in this case and does not lack foundation.

Plan Proponents (or "Appellees") have requested that judicial notice be taken of a brief filed in support of an emergency motion for a stay pending appeal before the Ninth Circuit in another bankruptcy case, *In re Thorpe Insulation Co.*, 10-56543, as well as the Ninth Circuit's docket sheet for that case. While the filing of briefs and case dockets may in the certain circumstances be the proper subject of judicial notice, here Plan Proponents do not ask for judicial notice of adjudicative facts as allowed under Federal Rule of Evidence 201(b). Instead, Plan Proponents request judicial notice of the content and persuasiveness of legal arguments made in a different case. Both motions are denied.

becomes effective, the Settling Insurers will make $17.125 million in settlement payments. In addition, the tort cases of asbestos victims and their families will be able to proceed in state court against Plant.

### III. LEGAL STANDARD

Appellants, as movants, bear the burden of establishing each of the four factors required in order for a stay to issue. *See Nken v. Holder*, 556 U.S. 418, 433 (2009). Those are: "'(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Id.* at 434 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). "There is substantial overlap between these and the factors governing preliminary injunctions." *Id.* at 434. "The first two factors . . . are the most critical." *Id.* The factors may be weighed on a sliding scale, where "a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (holding that the sliding-scale standard for granting preliminary injunctions survives *Winter v. Natural Resources Defense Council, Inc.*, 555. U.S. 7 (2008)); *see also Levia-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011) (holding that the sliding-scale approach also survives *Winter* in the context of stays) ("Although there are important differences between a preliminary injunction and a stay pending review . . . we do not believe they would support a balancing approach for preliminary injunctions but not stays." (citation omitted)). For example, even if the movant is unable to make a strong showing that he is likely to succeed on the merits, as long as "serious questions going to the merits" are raised, a stay may be appropriate where "the balance of hardships tips sharply in the plaintiff's favor." *Id.* at 1135. The scale only slides so far, though; a demonstration that irreparable injury is likely, rather than just possible, is always required of the movant. *See Nken*, 556 U.S. at 435.

### IV. DISCUSSION

A. Likelihood of Success on the Merits

In the context of a stay pending appeal, "[c]ourts do not rigidly apply the success on the merits factor because a rigid application would require the district court 'to conclude that it was

probably incorrect in its determination on the merits.'" *Divxnetworks, Inc. v. Gericom AG*, No. 04-cv-2537, 2007 WL 4538623, at *3 (S.D. Cal. Dec. 19, 2007) (quoting *Protect Our Water v. Flowers*, 377 F.Supp.2d 882, 884 (E.D.Cal.2004)). The Court stands by its analysis of the merits, but admits that this is a difficult case. The plan had many "unique features" that required wrestling with and resolving novel legal issues. Dkt. 109 at 3:9. The order denying appeal from confirmation acknowledged that "[a]ppellants raise[d] a number of credible objections to confirmation" and that their "arguments [we]re significant." *Id.* at 3:8-10. Here, appellants have met the threshold for the first factor, establishing that their appeal will raise "strong questions going to the merits." *Wild Rockies*, 632 F.3d at 1135.

   B. Likely Irreparable Harm

Appellants argue that they will suffer three forms of irreparable injury absent a stay. First, they fear that Plan Proponents will substantially implement the plan, including closing on the merger of Plant and Bayside, which will potentially render their appeal moot. In the bankruptcy context, courts within the Ninth Circuit have held that "the risk that an appeal may become moot does not by itself constitute irreparable injury." *In re Fullmer*, 323 B.R. 287, 304 (Bankr. D. Nev. 2005); *see also Red Mountain Machinery Co.*, 451 B.R. 897, 908 (Bankr. D. Ariz. 2011); *In re Irwin*, 338 B.R. 839, 853 (E.D. Cal. 2006). Even if the risk of mootness could constitute irreparable injury, appellants have not shown that such risk is likely, but rather merely speculative. The Ninth Circuit recently held in *In re Thorpe Insulation Co.*, 677 F.3d 869 (2012), that the consummation of the plan of reorganization had not mooted the appeal before it. In light of this holding, even if the plan has been substantially performed by the time that appellants' appeal is heard, appellants have not established that it is likely, rather than just possible, that their appeal would be held to be moot by the Ninth Circuit.

Appellants argue that even if the threat of mootness alone is not enough to establish irreparable injury, it can constitute such injury when considered in addition to other harms. Appellants also claim that each additional harm they would suffer would independently constitute an irreparable injury sufficient to support a stay. The first of these is that if the plan becomes effective, Settling Insurers would transfer over $17 million in payments and take the position that

they cannot be sued by appellants for contribution as to those amounts even if the confirmation order is ultimately reversed. The second is that claimants would have incentives to race to the courthouse to file suits against Plant that otherwise would not have been brought given the risk that the confirmation could be reversed by the Ninth Circuit. These are not irreparable injuries sufficient to support the issuance of a stay. Each harm identified is essentially financial in nature. "It is well established, however, that such monetary injury is not normally considered irreparable." *Los Angeles Mem'l Coliseum Comm'n v. N.F.L.*, 634 F.2d 1197, 1202 (9th Cir. 1980). Additionally, each harm is speculative. It cannot be said that they are likely to occur, because in order for appellants ultimately to suffer the harm feared, independent actors would have to take certain actions and legal positions *and* the courts would have to rule in particular ways on legal issues raised by the resulting situations. Appellants have only shown that an irreparable injury is possible, but not that it is likely. The Supreme Court instructs that in such situations, a stay may not issue. *See Nken*, 556 U.S. at 435. Therefore, an analysis of the remaining factors, the balance of hardships and the public interest is not necessary.

## V. CONCLUSION

Appellants have failed to demonstrate that it is likely to suffer an irreparable injury. The motion for an emergency stay is denied.

IT IS SO ORDERED.

Dated: 11/1/12

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE